**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Everett LITTLEPAGE, Defendant-Appellant.**

No. 71-1692.

United States Court of Appeals,
Ninth Circuit.

Nov. 8, 1971.

James Everett Littlepage (argued), J. Frank McCabe, Federal Defender, San Diego, Cal., for defendant-appellant.

Shelby Gott, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Joseph A. Milchen, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM:

The conviction of appellant on a two-count indictment of smuggling marihuana and merchandise in violation of 21 U.S.C. § 176a and 18 U.S.C. § 545, respectively, is confirmed.   This decision is based on the merits of appellant's contentions.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

Appellant's contention that the United States failed to prove that he smuggled or clandestinely introduced merchandise into the United States is without merit. Sufficient evidence was before the jury upon which to base a guilty verdict on that count.

Appellant's Fifth Amendment rights were not violated by the prosecution's remark in closing argument. At most, the comment led the jury to conclude that no evidence existed to support one of the contentions of appellant and as such was a permissible argument in response to an argument raised initially by counsel for appellant.

Appellant's contention that he was prejudiced by an "unreasonable" delay between his arrest and indictment is not supported by any evidence and is therefore without merit.

Appellant fails to show any jury error or misconduct prejudicial to his case.

An examination of the transcript does not reveal foundation for the argument that appellant's defense counsel was ineffective. The fact that counsel was late for one hearing does not of itself show incompetence.